IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIK KHAN,

    Petitioner,

v.                                                                  No. 22-cv-0621 RB-KBM
                                                                                   12-cr-2901 RB-KBM

UNITED STATES OF AMERICA,

    Respondent.

**ORDER DIRECTING LIMITED RESPONSE**

    This matter is before the Court on Petitioner's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582 (CV Doc. 1, supplemented by CV Doc. 2) (Motion). Petitioner seeks compassionate release but argues, inter alia, there is insufficient evidence to support his federal convictions. Petitioner also filed a letter opposing any decision to construe his arguments as an unauthorized successive habeas claim under 28 U.S.C. § 2255. *See* CV Doc. 3. Courts may construe a post-conviction motion as a successive § 2255 claim "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). The Tenth Circuit also recently held that "§ 3582(c)(1)(A) … provide[s] a narrow avenue for relief when there is not a specific statute that already affords relief." *United States v. McGee*, 992 F.3d 1035, 1047 (10th Cir. 2021) (quotations omitted).

    Based on this authority, the Court will order briefing on whether a defendant can challenge their conviction under § 3582 rather than obtaining Tenth Circuit permission to file a successive habeas claim. The issue is jurisdictional, as this Court cannot consider successive habeas claims

absent Circuit authorization. Because an increasing number of defendants attempt to raise traditional habeas arguments under § 3582, the issue may also have an impact beyond this case.

Within thirty (30) days of entry of this Order, the United States shall file a response addressing the following topics:

(1) Whether a defendant who may not be eligible for relief under 28 U.S.C. § 2255 (*i.e.,* because the § 2255 claims would be time-barred or subject to dismissal as second/successive) can challenge their underlying conviction and sentence under 18 U.S.C. § 3582.

(2) Whether the instant Motion, or any arguments therein, must be construed as successive habeas claims under 28 U.S.C. § 2255.

(3) If certain arguments must be construed and dismissed as successive § 2255 claims, whether grounds otherwise exist to grant compassionate relief under 18 U.S.C. § 3582.

The response should address the interplay between the traditional construction rules governing § 2255 claims/successive § 2255 claims and the new law governing compassionate relief (*i.e., McGee, United States v. Maumau*, 993 F.3d 821, 833 (10th Cir. 2021)). The response should also cite relevant law from other circuits and districts, if the Tenth Circuit has not directly addressed the issues.

Petitioner may file an optional reply within twenty-one (21) days after filing of the response. To extent Douglas Passon or another attorney is ghostwriting pleadings for Petitioner, he or she must enter an appearance in this case. If any attorney ghostwriter has not entered an appearance based on a conflict, working on this case would be an ethical violation. The Court has examined the ethics of attorney ghostwriting in other cases and may do so here, if warranted.

**IT IS ORDERED** that the Clerk shall **FORWARD** a copy of the Motion (**CV Doc. 1, supplemented by CV Doc. 2**) along with this Order to the United States Attorney's Office.

**IT IS FURTHER ORDERED** that the United States shall file a response, as set forth above, within thirty (30) days of entry of this Order.

**IT IS FINALLY ORDERED** that Petitioner may file an optional reply within twenty-one (21) days after entry of the response.

_____
UNITED STATES MAGISTRATE JUDGE